**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JIE XIAO, | : | CASE NO. 13-51186 (JJT) |
|         **DEBTOR**. | : | |
| | : | RE: ECF Nos. 413, 415, 416 |

**APPEARANCES**

David T. Austin, Esq.　　　　　　　　　　　　　　　　　　　　　　Attorney for the Trustee
Law Offices of Ronald I. Chorches, LLC
449 Silas Deane Highway – 2nd Floor
Wethersfield, CT 06109

Luis Medina, Esq.　　　　　　　　　　　　　　　　　　　　　　　　Attorney for the Debtor
524 Winchester Road
Norfolk, CT 06058

**MEMORANDUM OF DECISION AND ORDER GRANTING TRUSTEE'S MOTION FOR STAND STILL ORDER REGARDING LXEng, LLC PENSION PLAN ASSETS**

**I.   INTRODUCTION**

　　Before the Court is Ronald I. Chorches' (the "Trustee") Motion for Stand Still Order (the "Motion", ECF No. 413) and this Court's Order to Show Cause (ECF No. 416) and responsive pleadings thereto.  The Debtor has claimed an exemption for the LXEng, LLC pension plan assets (the "Pension Plan Assets"), to which the Trustee has objected and moved for summary judgment.  In response to the Trustee's motion for summary judgment, the Debtor belatedly has sought leave to conduct discovery regarding the formation and administration of the Pension Plan Assets.  After conducting a telephonic conference with the parties, the Court entered a Scheduling Order (ECF No. 410) affording the Debtor sixty days to conduct any necessary

discovery and requiring the parties to submit any proposed stand-still agreement regarding the preservation and administration of the Pension Plan Assets pending final disposition of the Trustee's objection to the claimed exemption. The parties were unable to reach agreement, as the Debtor now ostensibly seeks to leverage or otherwise access Pension Plan Assets to cover his attorneys' fees. The Trustee's Motion followed, as did this Court's Order to Show Cause, and, after hearing on notice at which counsel for the Debtor and the Trustee appeared, the Court briefly took the matter under advisement. For the reasons set forth below, the relief set forth below is ORDERED AND DECREED:

## II.    DISCUSSION

Upon the filing of a Chapter 7 bankruptcy petition, the debtor's assets become property of the estate, "subject to the debtor's right to reclaim certain property as 'exempt,' § 522(l)." *Schwab v. Reilly*, 560 U.S. 770, 774 (2010). In the absence of a timely-filed objection, property claimed as exempt automatically revests with the debtor. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992); 11 U.S.C. § 522(l).

When a timely objection is lodged, however, the assets claimed as exempt remain property of the estate unless and until the objection is overruled. *In re Murray*, 249 B.R. 223, 231 (E.D. N.Y. 2000) ("Property is not exempt by fiat of the debtor, but only through a process of compliance with the statutory disclosures and then by order of the bankruptcy court:); *accord*, *In re Cook*, 2012 WL 13564902012 WL 1356490, at *8 (B.A.P. 10th Cir. Apr. 19, 2012), aff'd, 520 F. App'x 697 (10th Cir. 2013) ("A claim of exemption is just a claim; it does not mean the debtor is entitled to the property claimed. Property claimed exempt does not become the debtor's until the claim is allowed or by operation of law if no timely objection is made."); *In re Bucchino*, 439 B.R. 761, 770 (Bankr. D.N.M. 2010) ("Property of the estate is not exempt unless

2

and until the time to object to the claim of exemption expires or a timely objection is overruled."). Thus, the Pension Plan Assets are property of the estate so long as the Trustee's objection remains pending.

Moreover, a debtor in a Chapter 7 case has no right to use estate assets to compensate his attorney, unless that attorney is "employed by the trustee and approved by the court." *Lamie v. U.S. Tr.*, 540 U.S. 526, 538–39 (2004). That limited exception is not implicated here.

At bottom, therefore, the Debtor has attempted or contemplated an end run—seeking to access Pension Plan Assets to defend his claimed exemption of those same assets. The Court cannot sanction such a practice, particularly where, as here, the Trustee's summary judgment papers have established a *prima facie* case to sustain his objection. *See* ECF No. 393.

Pursuant to 11 U.S.C. § 105(a), the Court may issue any order that is necessary or appropriate to carry out provisions of Title 11, including the entry of injunctions. *In re Johns-Manville Corp.*, 801 F.2d 60, 63 (2d Cir. 1986); *see also*, *In re Alexander*, 289 B.R. 711, 715–16 (B.A.P. 8th Cir.), aff'd, 80 F. App'x 540 (8th Cir. 2003) (affirming entry of injunction barring debtor from depleting estate assets by relitigating status of exemptions). Courts may take such action "sua sponte . . . [as] necessary or appropriate to enforce or implement court orders or rules[.]" 11 U.S.C. § 105(a).

"The Bankruptcy Code clearly contemplates judicial determination of a claim of exemption in the event there are objections." *Cook*, 2012 WL 1356490, at *8. In particular, Bankruptcy Rule 4003 provides that "the court shall determine the issues presented by the objections." Fed. R. Bankr. P. 4003(c).

Since this Court unquestionably has the authority to determine the issues presented by the Trustee's objection to the Debtor's claimed exemption, "it is empowered pursuant to 11 U.S.C. §

3

105(a) to issue an injunction to preserve its ability to make the necessary inquiry." *In re Wingspread Corp.*, 92 B.R. 87, 93 (Bankr. S.D.N.Y. 1988). Further, the Court has authority to issue injunctions necessary to aid its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651. *In re Fundamental Long Term Care, Inc.*, 527 B.R. 497, 513 (Bankr. M.D. Fla. 2015).

### III. CONCLUSION

Based upon the foregoing, for cause shown, the Trustee's Motion is **GRANTED** as follows, and it is hereby,

**ORDERED** that SEI, Inc., (as Debtor's agent) located at 100 Cider Mill Road, Oaks, Pennsylvania 19456 ("SEI"), which presently administers or possesses the Pension Plan Assets, shall make no distributions from the Pension Plan Assets, nor shall it otherwise release any of the Pension Plan Assets without further order of this Court, and it is further

**ORDERED** that SEI (as Debtor's agent) shall take all customary affirmative steps necessary to preserve, protect, and maintain the Pension Plan Assets, and it is further

**ORDERED** that neither the Debtor, nor his heirs, assigns, appointees, agents, attorneys, nor anyone on Debtor's behalf or in his name, shall be authorized to draw upon, pledge, lien or otherwise request distributions from SEI on account of the Pension Plan Assets without further order of this Court, and it is further

**ORDERED** that the Debtor shall send monthly financial statements regarding the Pension Plan Assets to (1) Ronald I. Chorches, Trustee, at the Law Offices of Ronald I. Chorches, LLC, 449 Silas Deane Highway, 2nd Floor, Wethersfield, Connecticut 06109; and (2) Luis Medina, Esq., at the Law Offices of Luis Medina, 524 Winchester Road, Norfolk, Connecticut 06058, and it is further

**ORDERED** that any violation of this Order may subject the responsible party to sanctions for contempt of Court or to treble damages for civil theft pursuant to Conn. Gen. Stat. §52-564, and it is further

**ORDERED** that any necessary decision as to the administration of the pension plan and its assets shall be solely at the discretion of the Trustee with notice to the Debtor, and an opportunity to be heard, subject to this Order and future orders of this Court, until such time as the Court enters a final judgment on the Trustee's Objection to Debtor's Claim of Exemption (ECF No. 271), and it is further

**ORDERED** that the Trustee shall serve this Order upon SEI, the Debtor, his spouse or former spouse, Xin Chen, and her counsel of record, and Debtor's counsel by certified mail, return-receipt requested within ten (10) business days of its entry on the docket of this case, and shall file a certificate of service within five (5) business days thereafter.

Dated at Hartford, Connecticut this 1st day of December 2016.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut